IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>)<br>) Case No. 3:95CR00066-005 |
| v. | ) Case No. 3:08CV80034<br>) |
| JONATHAN HERNDON, | ) OPINION<br>) |
| Defendant. | ) By: James P. Jones<br>) Chief United States District Judge |

*Jonathan Herndon, Petitioner Pro Se.*

Jonathan Herndon, a federal inmate, brought this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2005). I find that the motion must be dismissed without prejudice, pursuant to Rule 4 of the Rules Governing §2255 Proceedings.[1]

I

Jonathan Herndon pleaded guilty in this court on June 21, 1996, to one count of conspiracy to distribute crack cocaine. On April 16, 1997, the court sentenced Herndon to 120 months imprisonment, to run concurrent to a previously imposed

---

[1] Pursuant to Rule 4, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief on his stated claims.

state sentence of imprisonment that Herndon was then serving. After sentencing, Herndon was returned to state custody.

The record reflects that Herndon was later released from state custody and served state probation without having served the remainder of his federal sentence. The record of this case includes a memorandum dated March 2, 2006, from a probation officer of this court, stating as follows, in pertinent part:

> [O]n September 21, 1999, the defendant was released from the Virginia Department of Corrections custody and Herndon was not transferred to the Bureau of Prisons to serve the remaining portion of his [federal] sentence. The Bureau of Prisons indicates his release date would have been December 31, 2005. Effectively, Herndon has a 75 month balance remaining on his federal sentence.
>
> The Virginia State Probation Office indicates the defendant immediately reported to the Culpeper Probation Office upon release and his supervision was transferred to their Harrisonburg Office, where he was supervised until expiration on August 4, 2004.
>
> . . . .
>
> Our records indicate the defendant at no time contacted the U. S. Probation Office notifying us of his release and this information was uncovered only when the U.S. Attorney's Financial Litigation Unit contacted the Probation Office concerning an outstanding fine balance.

(Mem., Mar. 2, 2006) (Dkt. No. 450). The court issued a warrant, under seal, for petitioner's arrest on October 31, 2006, alleging that Herndon had failed to report to

federal authorities to serve the 75-month balance remaining on his 1997 sentence of 120 months.

Herndon was arrested in the spring of 2007 under this warrant and on May 14, 2007, appeared with court appointed counsel before United Magistrate Judge B. Waugh Crigler. On June 26, 2007, the magistrate judge issued an order remanding Herndon to the custody of the United States Marshals Service to be transported to the Bureau of Prisons to serve the remainder of his 1997 sentence. However, Herndon was mistakenly released from custody. He was thereafter rearrested and appeared before United States Magistrate Judge James G. Welsh on July 12, 2007, and ordered detained. After a hearing on August 9, 2007, Judge Welsh remanded Herndon to the custody of the United States Marshals Service for transport to the Bureau of Prisons to serve the 74 months then remaining on his federal sentence imposed by this court in April 1997.

Herndon filed his § 2255 motion on March 4, 2008.[2] On the face of the motion, he states that he is challenging a judgment entered against him on May 14, 2007, for "failure to surrender to U.S. Marshals." He also states that he was sentenced on May

---

[2] Herndon also filed a Motion to Reduce Sentence pursuant to 18 U.S.C.A. § 3582(c) and the retroactive amendments to the federal sentencing guidelines for crack cocaine offenses. The case has now been assigned to me, and the parties are advised that I will issue separate orders as to that motion.

- 3 -

14, 2007, to 75 months imprisonment on this charge. He alleges the following grounds for relief: (1) his 2007 "conviction" was obtained by the prosecution's failure to disclose favorable evidence to the defense, namely, petitioner's 1996 plea agreement showing that his federal and state sentences were to run concurrently; (2) the petitioner's counsel failed to file a notice of appeal from the proceedings in 2007; (3) the 2007 "conviction" violated principles of double jeopardy; and (4) the petitioner was wrongfully detained without a warrant for several weeks in April and May 2007.

II

Section 2255 provides a vehicle by which a prisoner under a federal criminal sentence may move the sentencing court to have that sentence vacated, set aside or corrected on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum sentence authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a). Any challenge to the Bureau of Prisons' implementation of a federal criminal sentence, however, must be raised in a petition for a writ of habeas corpus under 28 U.S.C.A. § 2241(West 2000) after exhaustion of administrative remedies. *See United States v. Wilson*, 503 U.S. 329,

- 4 -

333-35 (1992); *United States v. Snow*, 748 F.2d 928, 933-34 (4th Cir.1984). Furthermore, a § 2241 petition must be filed in the judicial district that can acquire in personam jurisdiction of the petitioner's warden or other custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

Herndon is currently serving the remainder of his original sentence of 120 months, imposed in 1997 to run concurrent to his state sentence. The federal sentence ran concurrently with the state sentence as ordered, but only until Herndon's release from state custody in 1998. At that point, he should have moved to federal prison to complete the remainder of his federal term. His mistaken release and years free of imprisonment do not change that fact. Once the mistake was discovered, federal authorities moved to require his service of that 1997 sentence as ordered. The court's hearings and orders in May through August 2007 did not concern any separate criminal charge or result in any separate conviction or sentence, as Herndon apparently believes. None of Herndon's current allegations assert any claim that his original 120 month sentence is illegal, violative of any United States laws or the Constitution, in excess of the statutory maximum, or otherwise subject to collateral attack. That 1997 sentence is the only federal term of imprisonment imposed upon him by this court. As his claims all concern the 2007 proceedings, none of them is

cognizable under § 2255.  Therefore, I must dismiss his § 2255 motion without prejudice.[3]  Such a dismissal would not prevent Herndon from challenging the execution of his sentence by filing a petition under § 2241 in the district court in the jurisdiction where he is confined, once he has exhausted available administrative remedies through the Bureau of Prisons.[4]

III

For these reasons, there is no ground upon which petitioner is entitled to relief under § 2255.  Accordingly, I will dismiss this action without prejudice.

A separate Final Order will be entered herewith.

ENTER: March 13, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[3] I will dismiss the motion without prejudice because it is not challenging the legality of the sentence Herndon is now serving.  Therefore, any later § 2255 motion Herndon may file concerning this sentence will not be rendered successive under § 2255(h).  However, because Herndon did not file a § 2255 motion within one year of the date on which his 1997 sentence became final, he may be time-barred under § 2255(f) from filing future motions.

[4] Herndon is currently incarcerated in Yazoo City, Mississippi.

- 6 -